FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 17, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALISIA C., | NO:  1:21-CV-3069-RMP |
| Plaintiff, | |
| | ORDER DENYING PLAINTIFF'S |
| v. | MOTION FOR SUMMARY |
| | JUDGMENT AND GRANTING |
| COMMISSIONER OF SOCIAL | DEFENDANT'S MOTION FOR |
| SECURITY, | SUMMARY JUDGMENT |
| Defendant. | |

BEFORE THE COURT, without oral argument, are cross-motions for

summary judgment from Plaintiff Alisia C.[1], ECF No. 12, and Defendant the

Commissioner of Social Security ("Commissioner"), ECF No. 16.  Plaintiff seeks

judicial review, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of the

Commissioner's denial of her claim for Social Security Disability Insurance Benefits

("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Social

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and last initial.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Security Act (the "Act").  *See* ECF No. 12 at 1.  Having considered the parties'

motions, the administrative record, and the applicable law, the Court is fully

informed.  For the reasons set forth below, the Court grants summary judgment in

favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff applied for DIB and SSI on approximately March 29, 2019, alleging

disability beginning on September 5, 2018.  Administrative Record ("AR")[2] 187.

Plaintiff maintained that she was unable to work due to depression, anxiety, post-

traumatic stress disorder, back issues, herniated disc, shoulder pain, and neck pain.

AR 208.  Before Plaintiff stopped working in September 2018, she worked as a sales

associate at Wal-Mart for approximately nineteen years.  AR 209.  The application

was denied initially and upon reconsideration, and Plaintiff requested a hearing.  *See*

AR 140–41.

On September 3, 2020, Plaintiff appeared at a hearing, represented by attorney

Robert Tree, before Administrative Law Judge ("ALJ") Raymond Souza in Seattle,

Washington.  AR 34.  Due to the exigencies of the COVID-19 pandemic, Plaintiff

and her counsel appeared telephonically and by video over Microsoft Teams.  AR

---

[2] The AR is filed at ECF No. 10.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

The ALJ also heard telephonically from vocational expert Frederick Cutler.  AR  48.

Plaintiff and Mr. Cutler responded to questions from ALJ Souza and counsel.   AR

40–53.

### ALJ's Decision

On August 25, 2020, ALJ Souza issued an unfavorable decision.  AR 15–27.

Applying the five-step evaluation process, ALJ Souza found:

**Step one:** Plaintiff meets the insured status requirements of the Social

Security Act through September 30, 2023, and the Plaintiff has not engaged in

substantial gainful activity since September 5, 2018, the alleged onset date.  AR 17.

**Step two:** Plaintiff has the following severe impairments that are medically

determinable and significantly limit her ability to perform basic work activities:

disorders of the neck and back; fibromyalgia; depression; anxiety; and post-

traumatic stress disorder ("PTSD"), under 20 C.F.R. §§ 404.1520(c) and 416.920(c).

AR 18.  The ALJ further found that:

> The claimant also has a nicotine addiction, symptoms related to
> menopause, lice, and COVID-19, but as the evidence does not show
> these conditions have had more than a minimal effect on her ability to
> perform basic work activities for at least 12 continuous months, they
> cannot be considered 'severe' for purposes of this decision.

AR 18 (internal citations to record omitted).

**Step three:** The ALJ concluded that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526(d), 416.925 and 416.926).

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had the RFC to: perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(a) except that she must be allowed to sit or stand alternatively at will provided she is not off task more than ten percent of the work period; cannot climb ladders, ropes or scaffolds; can occasionally climb ramps and stairs; can occasionally stoop, crouch, kneel, and crawl; cannot use unshielded moving, hazardous machinery; cannot have exposure to unprotected heights; is able to remember, understand, and carry out simple and routine instructions and tasks consistent with the learning and training requirements of SVP levels 1 and 2 type jobs; cannot have strict production quotas with the emphasis being on a per shift, rather than per hour, basis; and can have only occasional interaction with the general public, co-workers, and supervisors.  AR 20.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record" for several reasons that the ALJ discussed.  AR 21.

**Step four:** The ALJ found that Plaintiff has past relevant work as a sales clerk.  AR 25.  The ALJ further found that Plaintiff no longer can meet the demands

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

of her past work, "as the claimant is limited to sedentary work at the SVP 1 or 2 level only[.]"  AR 25.

**Step five:** The ALJ found that Plaintiff has a high school education; was 45 years old on her alleged disability onset date and is currently 47 years old, which is defined as a younger individual (age 18-49); and that transferability of job skills is not material to the determination of disability because the application of the Medical-Vocational Guidelines to Plaintiff's case supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills.  AR 25.  The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering her age, education, work experience, and RFC.  AR 25–26.  Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff would be able perform with the RFC: agricultural produce sorter, office helper, and mail clerk.  AR 26.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from September 5, 2018, through the date of the ALJ's decision.  AR 25.

The Appeals Council denied review.  AR 1–6.

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

**LEGAL STANDARD**

***Standard of Review***

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### Definition of Disability

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

*Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 416.920, 404.1520. Step one determines if he is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past.  If the

claimant can perform her previous work, the claimant is not disabled.  20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering her residual functional capacity and age, education, and past work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation.  *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.    Did the ALJ erroneously determine that there are other jobs available in the national economy at step five?

2.    Was the ALJ's decision based on substantial evidence, considering the additional evidence added to the record after the ALJ's decision and before the Appeals Council denied review?

3.    Did the ALJ erroneously evaluate Plaintiff's subjective symptom testimony?

## DISCUSSION

### *Step Five Analysis*

Plaintiff argues that the ALJ did not meet his step-five burden of identifying specific jobs in substantial numbers in the national economy because one of the jobs he identified does not match the RFC that he formulated.  ECF No. 12 at 4.  Specifically, Plaintiff asserts that the mail clerk job is not compatible with the RFC's limitation of "'simple and routine instructions and tasks,'" because that job requires a reasoning level of three.  *Id.* (quoting AR 20).  Plaintiff continues that omitting the mail clerk job results in only 20,000 jobs that the ALJ identified as being available in the national economy, which, Plaintiff argues, does not suffice for the "substantial numbers" requirement.  *Id.* at 4–5 (citing *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d

519, 528–29 (9th Cir. 2014)).  Plaintiff maintains that the appropriate remedy for the

ALJ's alleged error at Step Five is a remand for benefits because "there were no

applicable sedentary jobs the VE could name and even of the light jobs only

performed to the hypothetical's exertional limitations—there were insufficient

national numbers[.]"  *Id.* at 5 (citing *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.

1981) ("Where, however, a rehearing would simply delay receipt of benefits reversal

is appropriate.").

The Commissioner responds that Plaintiff truncated the relevant portion of the

RFC, and that the full sentence provides that Plaintiff could "remember, understand,

and carry out simple and routine instructions and tasks *consistent with the learning

and training requirements of SVP levels 1 and 2 type jobs*."  ECF No. 16 at 4

(quoting AR 20) (emphasis added by Commissioner).  The Commissioner contends

that this language in the RFC limits Plaintiff to unskilled work because unskilled

work corresponds to a Specific Vocational Preparation ("SVP") of 1-2 in the

Dictionary of Occupational Titles ("DOT").  *Id.* (citing Social Security Ruling

("SSR") 00-4p, *available at* 2000 WL 1898704 at *3, 2000 SSR LEXIS 8 at *7).

The Commissioner argues that Plaintiff "conflates two entirely different

concepts from the DOT and [Selected Characteristics of Occupations ("SCO")] (a

companion volume to the DOT): Reasoning/General Educational Development

("GED") level and SVP."  ECF No. 16 at 5.  The concept of Reasoning/GED levels

1    is a six-level scale assessing "the reasoning ability required to perform the job," with

2    Level 1 requiring the least reasoning ability.  *Id.* at 5–6 (citing *Zavalin v. Colvin*,

3    778 F.3d 842, 846 (9th Cir. 2015); DOT, App. C, 1991 WL 688702).  Separately,

4    SVP is measured according to a nine-level scale, with Level 1 requiring a typical

5    worker a "short demonstration only" to learn the techniques, acquire the

6    information, and develop the facility needed for average performance and Level 9

7    requiring over ten years.  *Id.* at 6 (citing SSR 00-4p, 2000 WL 1898704 at *3).  The

8    Commissioner contends that the ALJ made no findings about Plaintiff's

9    reasoning/GED level and instead found that she was limited to jobs that can be

10   learned in a short period of time, namely unskilled work at SVP Levels 1 and 2.  *Id.*

11   at 6.  The Commissioner distinguishes *Zavalin* as inapplicable because, in that case,

12   the Ninth Circuit found an apparent conflict between the RFC formulated for the

13   claimant in that case and the demands of a reasoning/GED Level 3, not an SVP

14   level.  *Id.*

15        The Commissioner also argues that the ALJ properly relied on vocational

16   expert testimony regarding the three representative jobs after addressing, and

17   resolving, any potential conflicts between the vocational expert's testimony and the

18   DOT.  *Id.* at 7 (citing AR 26, 50–51, 52).  Lastly, the Commissioner maintains that,

19   even disregarding the mail clerk job, the 20,000 representative jobs available

20   nationally, as either an agricultural produce sorter or office helper are significant.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

*Id.* at 7.  The Commissioner disputes that the case that Plaintiff relies on, *Gutierrez*, supports that 20,000 is an insignificant number of jobs at Step Five and counters that that the Ninth Circuit ultimately held 25,000 was a significant number even if it was a "close call."  *Id.* at 7 (citing *Gutierrez*, 740 F.3d at 528–29 and noting that *Gutierrez* cited with approval an Eighth Circuit case holding that 10,000 jobs nationally was a significant number).

Plaintiff replies: "Because the ALJ specifically limited Cortez to 'simple and routine instructions and tasks,' merely adding that she is also limited to SVP 1 and 2 jobs does not mean the RFC is not in conflict with jobs with Reasoning level 3 jobs. *Zavalin* must control here, and the mail clerk job conflicts with the RFC."  ECF No. 17  at 3.  Plaintiff also argues that, with respect to whether 20,000 national numbers from the remaining two jobs is sufficient, "[u]ntil the Ninth Circuit presents another figure, *Gutierrez*'s figure of 25,000 jobs is binding upon this Court, and Defendant's argument must fail."  *Id.* at 3.

As noted above, a claimant is disabled for purposes of the Act only if she is "not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  The phrase "work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual

1  lives or in several regions of the country." *Id.*   The Commissioner bears the burden

2  of establishing that other work exists nationally in "significant numbers."  *See*

3  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (citing *Tackett v. Apfel*, 180

4  F.3d 1094, 1099 (9th Cir. 1999)).

5          Contrary to Plaintiff's argument in her reply and consistent with the

6  Commissioner's Motion for Summary Judgment, *Gutierrez* does not support that

7  any figure below 25,000 jobs nationally is an insignificant number.  The Ninth

8  Circuit noted in *Gutierrez* that 25,000 jobs presented a "close call" because other

9  cases had found 64,000, 622,000, and 125,000 nationwide jobs to be sufficient but

10  had found 1,680 jobs to be insufficient.  740 F.3d at 528–29.  However, the Ninth

11  Circuit held: "A finding of 25,000 jobs likely does not fall into the category of

12  'isolated jobs' existing in 'very limited numbers.'  Accordingly, the ALJ's national

13  job finding satisfies § 1382c(a)(3)(B), because it represents a significant number of

14  jobs in several regions of the country." *Id*. at 529.

15          The ALJ relied on the VE's testimony to find that Plaintiff can perform three

16  light jobs, performed at the sedentary level and that allow a sit/stand option,

17  including:

18      • Agricultural Produce Sorter (DOT#: 529.687-186; unskilled (SVP 2);
         light; 7,000–10,000 positions nationally)
19      • Office Helper (DOT#: 239.567-010; unskilled (SVP 2); light;
         approximately 10,000 positions nationally)
20      • Mail Clerk (DOT#: 209.687-026; unskilled (SVP 2); light; 10,000
         positions nationally).

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

AR 26.  Even were the Court to find, as Plaintiff argues, that the Mail Clerk position is in conflict with the RFC, the parties do not dispute that 17,000 to 20,000 positions nationally remain.  The caselaw that Plaintiff relies on to argue that 20,000 positions is insignificant does not set a bright-line minimum of 25,000 positions to satisfy 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B), and, instead held that 25,000, a figure within close proximity to the 20,000-position figure at issue here, qualified as a significant number of jobs.  *Gutierrez*, 740 F.3d at 529.  Moreover, the number of jobs found by the Ninth Circuit to be insignificant in *Beltran*, 1,680 jobs nationwide, is much smaller than the 20,000 jobs at issue in this case.  *Beltran*, 700 F.3d 386, 390 (9th Cir. 2012);  *see also Rivera v. Comm'r of Soc. Sec.*, No. 20-1374 (MEL), 2022 U.S. Dist. LEXIS 43476, at *31 (D.P.R. Mar. 9, 2022) ("While perhaps occupations with 30,000, 16,000, and 15,000 jobs in the national economy are not indicative of abundance, occupations with this number of positions available nationally are nevertheless in lockstep with the number of jobs which courts have recognized as sufficient for the purposes of step five.").  In sum, the number of jobs that the ALJ found available nationwide in this case is sufficient, even without including the mail clerk positions, for a finding that there are jobs that Plaintiff can perform in the national economy.  Any error with respect to identifying the mail clerk job as suitable to Plaintiff's RFC, therefore, would be harmless.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    Accordingly, the Court denies Plaintiff's Motion for Summary Judgment on

2    this ground and grants summary judgment to the Commissioner with respect to the

3    ALJ's alleged error at Step Five.

4    ***Additional Evidence***

5    Plaintiff argues that reversible error occurred when the Appeals Council failed

6    to consider new evidence in the form of a medical report from Plaintiff's treating

7    provider Irma Mejia, ARNP from November 16, 2020, after the ALJ's decision in

8    September 2020.  ECF No. 12 at 6.  Plaintiff maintains that this Court should credit

9    as true Ms. Mejia's opinion that Plaintiff would need to lay down for up to six hours

10   each day and would miss four or more days of work per month.  *Id.* at 7–8.  Plaintiff

11   argues that Ms. Mejia's assessment of disabling limitations is consistent with the

12   ALJ's own RFC and that the record as a whole supports a finding of disability.  ECF

13   No. 17 at 5–6.

14   The Commissioner responds that federal courts "'do not have jurisdiction to

15   review a decision of the Appeals Council denying a request for review of an ALJ's

16   decision, because the Appeals Council decision is a non-final agency decision.'"

17   ECF No. 16 at 8 (quoting *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157,

18   1159–60 (9th Cir. 2012)).  However, the Commissioner continues, the ALJ's

19   decision, which is the final agency decision, is supported by substantial evidence

20   when Ms. Mejia's opinion is considered alongside the remaining administrative

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

record. *Id.* at 8–9.  Specifically, the Commissioner maintains that Ms. Mejia's

minimally explained assessment that Plaintiff would miss at least four days of work

per month is inconsistent with the remainder of the record and does not support such

an extreme limitation. *Id.* at 11–12.  The Commissioner adds that frequent medical

appointments cannot alone support a finding of disability. *Id.* at 12 (citing *Goodman*

*v. Berryhill*, No. C17-5115 BAT, 2017 WL 4265685, at *3 (W.D. Wash.

Sept. 25, 2017), aff'd, 741 F. App'x 530 (9th Cir. 2018)).  In sum, the Commissioner

contends that the Appeals Council appropriately concluded that there was not a

"reasonable probability" that Ms. Mejia's opinion would change the outcome of the

decision. *Id.* at 9.

       As an initial matter, as the Commissioner argues, this Court does not have

jurisdiction to review the Appeals Council's non-final agency action. *Taylor v.*

*Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).  "[W]hen the

Appeals Council considers new evidence in deciding whether to review a decision of

the ALJ, that evidence becomes part of the administrative record, which the district

court must consider when reviewing the Commissioner's final decision for

substantial evidence." *Brewes*, 682 F.3d 1157, 1163 (9th Cir. 2012). "'Substantial

evidence' means more than a mere scintilla, but less than a preponderance. It means

such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th

1  Cir. 1988) (internal quotation marks and citations omitted).  Nevertheless, "in

2  rejecting [new] evidence, the Appeals Council is not required to make any particular

3  evidentiary finding." *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996), superseded

4  by regulation on other grounds as stated in *Hudson v. Astrue*, CV 11-0025-CI, 2012

5  U.S. Dist. LEXIS 154871, 2012 WL 5328786, at *4 n.4 (E.D. Wash. Oct. 29, 2012).

6          Following the issuance of ALJ Souza's September 30, 2020 decision, Plaintiff

7  submitted to the Appeals Council a medical report from Ms. Mejia dated November

8  16, 2020.  AR 32–33.  To the best of the Court's ability to decipher Ms. Mejia's

9  handwritten report, Ms. Mejia wrote that she had treated Plaintiff since late 2014 for

10  depression, fibromyalgia, pain in the low back, and anxiety.  AR 32.  Ms. Mejia

11  noted that Plaintiff was "seeing psychiatrist [sic]," and a 2017 MRI showed a disc

12  bulge and degeneration.  AR 32.  Ms. Mejia opined that due to back pain, Plaintiff

13  needs to lie down for "up to" six hours during the day.  AR 32.  She also opined that

14  since at least September 5, 2018, Plaintiff would miss four or more days of work per

15  month because she "needs treatment" such as physical therapy.  In denying

16  Plaintiff's request to review the ALJ's decision, the Appeals Council found that Ms.

17  Mejia's medical report "does not show a reasonable probability that it would change

18  the outcome of the decision."  AR 1–2.

19          The ALJ reviewed the medical opinion evidence in the record at the time of

20  the ALJ's decision, and Plaintiff does not challenge the ALJ's assessment of that

21

evidence.  *See* AR 23–24.  The ALJ considered and found persuasive opinions from state agency medical consultants and a treating physician that Plaintiff could stand, walk, and/or sit for only about six hours in an eight-hour workday, and that Plaintiff should avoid lifting more than ten pounds.  AR 23–24.  The ALJ subsequently limited Plaintiff to sedentary work, rather than light work, and included in the residual functional capacity a sit/stand option at will.  AR 20, 24.  The only explanation provided by Ms. Mejia for her opinion that Plaintiff would miss work entirely for four or more days per month is that Plaintiff needs treatment, including physical therapy.  AR 33.  However, requiring treatment does not, without more, support a finding of disability.  Accordingly, the Appeals Council gave adequate reasons for denying review of the ALJ's ruling, and the Court finds no reversible error on this basis.  The Court denies Plaintiff's Motion for Summary Judgment on this ground and grants summary judgment to the Commissioner on this issue.

### *Subjective Symptom Testimony*

Plaintiff contends that the ALJ did not provide adequate or legitimate reasons for discounting Plaintiff's statements regarding the severity of her symptoms because examination findings and testing support Plaintiff's statements, Plaintiff's treatment has not been "conservative," and any improvement was temporary.  ECF No. 12 at 10–15 (citing to numerous materials in the administrative record).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

1       The Commissioner responds that the ALJ appropriately considered that the

2   medical records showed generally mild objective findings and unremarkable

3   physical examinations.  ECF No. 16 at 16 (citing AR 21, 307, 379–81, 386, and

4   411).  The Commissioner continues that effectiveness of treatment is a relevant

5   factor in determining the severity of a claimant's symptoms, and "even if the ALJ

6   erred in describing some treatments, such as epidural injections, as 'conservative,'"

7   any error was harmless because they nonetheless were effective.  *Id.* at 17 (citing AR

8   22).  The Commissioner also argues that the ALJ cited to substantial evidence in the

9   record when he found that Plaintiff's mental health symptoms improved with

10  counseling and medication and that her providers generally recorded normal mental

11  status examinations.  *Id.* (citing AR 22–24, 63–65, 76–77, 91–92, 106–07, 354, 411–

12  12, 416, 418–20, 531, 532–33, 570, and 603).  Lastly, the Commissioner maintains

13  that the ALJ relied on substantial evidence to find that Plaintiff's statements to

14  medical sources were inconsistent with statements that she made pursuing her

15  disability application.  AR 22 (citing AR 21–22, 230–39, 259–67, 428, and 431).

16      To reject a claimant's subjective complaints, the ALJ must provide "specific,

17  cogent reasons for the disbelief."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)

18  (internal citation omitted).  The ALJ "must identify what testimony is not credible

19  and what evidence undermines the claimant's complaints."  *Id*.  Subjective symptom

20  evaluation is "not an examination of an individual's character," and an ALJ must

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

consider all of the evidence in an individual's record when evaluating the intensity

and persistence of symptoms.  *See* SSR 16-3p, 2016 SSR LEXIS 4 (2016).

In deciding whether to accept a claimant's subjective pain or symptom

testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d

1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has

presented objective medical evidence of an underlying impairment 'which could

reasonably be expected to produce the pain or other symptoms alleged.'"

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

*Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there

is no evidence of malingering, "the ALJ can reject the claimant's testimony about

the severity of her symptoms only by offering specific, clear and convincing reasons

for doing so."  *Smolen*, 80 F.3d at 1281.

The ALJ noted repeated unremarkable physical and mental status

examinations in the record.  AR 21.  The ALJ also thoroughly recited the portions of

the medical record supporting that treatment that Plaintiff received had "been helpful

in relieving her symptoms."  AR 21–22; *see Hanes v. Colvin,* 651 F. App'x 703, 705

(9th Cir. 2016) (the ALJ properly discredited the claimant's subjective symptom

testimony by citing her "conservative treatment plan, which consisted primarily of

minimal medication, limited injections, physical therapy, and gentle exercise").  The

ALJ further determined that Plaintiff did not report to her treating providers

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

"difficulties to the extent she has in connection with her disability applications," and that Plaintiff "made some inconsistent statements and has acknowledged engaging in activities which suggest she is not as limited as she has alleged."  AR 22 (citing AR 304, 307, 428, and 431); *see* 20 C.F.R. § 416.929(c)(3) (after considering consistency with the objective medical evidence, the ALJ considers whether and to what extent the claimant's subjective statements are consistent with "other evidence" in the record, such as treatment, daily activities, and other factors).

The Court finds that the ALJ provided sufficient, cogent reasons for discounting Plaintiff's claims of more extreme limitation than reflected in the RFC, and the ALJ's decision reflects that he thoroughly considered the record.  Therefore, the Court denies Plaintiff's Motion for Summary Judgment and grants summary judgment to the Commissioner with respect to the alleged erroneous treatment of Plaintiff's subjective symptom testimony.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

1    3.   Judgment shall be entered for Defendant.

2    Accordingly, **IT IS HEREBY ORDERED** that:

3    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

4    Order, enter judgment as directed, provide copies to counsel, and **close the file** in

5    this case.

6    **DATED** May 17, 2022.

7    _____*s/ Rosanna Malouf Peterson*_____
     ROSANNA MALOUF PETERSON
8    Senior United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23