FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 01, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ALISIA C.,

                  Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

NO: 1:21-CV-3069-RMP

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT

      In this social security appeal, Plaintiff moves to alter judgment under Federal Rule of Civil Procedure 59(e) to remand Plaintiff's Title II and XVI disability claims to the Social Security Administration for further proceedings. ECF No. 20. The Court has reviewed Plaintiff's Motion, ECF No. 20, and the Commissioner of Social Security's (the "Commissioner's") response, ECF No. 21, the relevant law, and the remaining record. Plaintiff did not file a reply by the date that she had noted for hearing her Motion without oral argument.

/ / /

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 1

## BACKGROUND

Plaintiff seeks review of the Court's May 17, 2022 Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment, ECF No. 18. The Court found that the Administrative Law Judge's ("ALJ's") determination that Plaintiff was not disabled was supported by substantial evidence and free of harmful legal error. ECF No. 18 at 2.

## DISCUSSION

Under Fed. R. Civ. P. 59(e), the Court may alter or amend a judgment: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). This is "an extraordinary remedy which should be used sparingly." *Id.* Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Plaintiff argues only the clear error ground for amending a judgment and contends that clear error "occurred in the present decision, first as it concerns Ninth Circuit precedent regarding a significant number of jobs in the economy, and second

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 2

as it concerns the Court evaluating the persuasiveness and weight owed to a medical opinion submitted to the Appeals Council." ECF No. 20 at 2. The Court addresses each alleged error in turn.

### Significant number of jobs

The ALJ relied on the vocational expert's testimony to find that Plaintiff can perform three light jobs, performed at the sedentary level and that allow a sit/stand option, including agricultural produce sorter, office helper, and mail clerk. Administrative Record ("AR")[1] 26.

In resolving the parties' cross-motions for summary judgment, the Court found no error by the ALJ at step five of the requisite sequential analysis. ECF No. 18 at 10–16. The Court observed that "a claimant is disabled for purposes of the Act only if she is 'not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Id*. at 13 (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). The phrase "work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Court found that:

---

[1] The AR is filed at ECF No. 10.

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 3

> Even were the Court to find, as Plaintiff argues, that the Mail Clerk position is in conflict with the RFC, the parties do not dispute that 17,000 to 20,000 positions nationally remain. The caselaw that Plaintiff relies on to argue that 20,000 positions is insignificant does not set a bright-line minimum of 25,000 positions to satisfy 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B), and, instead held that 25,000, a figure within close proximity to the 20,000-position figure at issue here, qualified as a significant number of jobs. [*Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014)].

ECF No. 18 at 15.

Plaintiff argues that the Court's analysis that the ALJ identified work that exists in the national economy contained clear error because: "Ninth Circuit precedent holds that even 25,000 jobs is a 'close call,' and so job numbers of 17,000 to 20,000 are insufficient to carry the ALJ's step-5 burden." ECF No. 20 at 2–3. Plaintiff asserts that the *Gutierrez* Court held that "'[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [a claimant] live[s] are not considered work which exists in the national economy.'" *Id.* at 5 (quoting *Gutierrez*, 740 F.3d at 529 (quoting 20 C.F.R. § 416.996(b)). Plaintiff continues that, while the "Court is correct that Gutierrez court did not . . . ultimately establish a bright-line rule, . . . the Ninth Circuit nevertheless held 25,000 national jobs presented a 'close call' and as only 'likely' not falling into the category of 'isolated jobs' existing in 'very limited numbers.'" *Id.* at 5.

Plaintiff also asks the Court to assume that the 17,000 to 20,000 jobs are evenly apportioned to Washington state, resulting in 396 to 465 jobs statewide, and

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 4

1    only 14-16 jobs in Yakima County, where Plaintiff resides, based on the 2020

2    census estimated population. ECF No. 20 at 2–3. Plaintiff further maintains that the

3    2020 unemployment rate of 9.4% in Yakima County "would mean there were only 1

4    or 2 of these jobs in the whole county that were available." *Id.* at 22.

5        The Commissioner responds that not only did the Ninth Circuit decline to set

6    a bright-line rule in *Gutierrez*, the Ninth Circuit held in that case that 25,000 jobs in

7    the national economy was a significant number as well as a "close call." ECF No.

8    21 at 3 (citing *Gutierrez*, 740 F.3d at 529). The Commissioner further notes that the

9    Ninth Circuit in *Gutierrez* cited with approval an Eighth Circuit decision holding

10   that 10,000 jobs nationally was a significant number. *Id.* (citing *Gutierrez*, 740 F.3d

11   at 529 (citing *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997)).

12       Upon rereading *Gutierrez* to resolve Plaintiff's present Motion, the Court

13   again finds that the holding permits a finding that 17,000 to 20,000 jobs amount to

14   significant numbers for purposes of representative work available in the national

15   economy. Specifically, *Gutierrez* held that the 25,000 national jobs at issue in that

16   case satisfied the statutory standard requiring work existing in significant numbers

17   either in the region where the claimant lives or in several regions of the country,

18   even though the 25,000-job figure presented a "close call." 740 F.3d at 528–29; *see*

19   *also* 42 U.S.C. § 1382c(a)(3)(B). Plaintiff has not shown clear legal error in the

20   Court's application of *Gutierrez* to the ALJ's step five findings in this case.

21

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 5

1    Moreover, Plaintiff's assertion that there were as few as "1 or 2" of the representative jobs available in her county is not based on credible evidence in the record and does not disprove that there were adequate job figures to support the ALJ's findings.  See *Gutierrez*, 740 F.3d at 528 (citing *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987), for the proposition that "even if credible evidence indicated a lack of a significant number of jobs in a particular geographic area, a 'failure to disprove the existence of . . . jobs on a national scale would leave the ALJ's [step-five] finding intact.'"); *see also Kilpatrick v. Kijakazi*, 35 F.4th 1187, 2022 U.S. App. LEXIS 14638, at *15–16, (9th Cir. 2022) (finding that Plaintiff's competing job numbers evidence was not significantly probative where claimant's attorney "had no identified expertise in calculating job figures in the national economy," and the attorney's methodology for calculating job numbers required an "improbable assumption").  Plaintiff does not offer authority supporting that the assumptions that she makes about local job numbers are legitimate.

The Court does not find clear error to warrant an amended judgment on this ground.

Consideration of Irma Mejia, ARNP medical report

Plaintiff argued at summary judgment that the Appeals Council failed to consider new evidence in the form of a medical report from Plaintiff's treating provider Irma Mejia, ARNP from November 16, 2020, after the ALJ's decision in

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 6

1   September 2020.  *See* ECF No. 18 at 16.  In denying Plaintiff's request to review the

2   ALJ's decision, the Appeals Council found that Ms. Mejia's medical report "does

3   not show a reasonable probability that it would change the outcome of the decision."

4   AR 1–2.  The Court also concluded that Ms. Mejia's medical report was not likely to

5   change the outcome of the ALJ's analysis.  *Id.* at 18–19.

6         Plaintiff argues that this Court's analysis with respect to Ms. Mejia's report

7   was erroneous on the basis that it crossed over into "assess[ing] for the first time on

8   review how an ALJ *could* have assessed the evidence[,]" when the ALJ "never

9   reviewed this evidence." ECF No. 20 at 9 (emphasis in original).  Plaintiff adds that

10  the Court overlooked part of Ms. Mejia's report, arguing that:

> Even if her reasoning as to why [Plaintiff] would miss four or more days of work per month could ultimately be rejected—which is not conceded and has not been assessed by any ALJ—ARNP Mejia also opined [Plaintiff] had to lay down up to six hours per day related to back pain, with supportive citations to a relevant MRI in 2017. As prior briefing explained, to lay down six hours of an eight-hour day plainly conflicts with off-task tolerances of 15%.

15  *Id.* at 9–10 (internal citations to AR 32, 51 and ECF Nos. 12, 17 omitted).

16        The Commissioner responds that the Court considered Ms. Mejia's report in

17  its substantial evidence review and that "Plaintiff's alternative interpretation of the

18  new evidence fails to identify clear error in the Court's conclusion that

19  notwithstanding the new evidence, the Commissioner's decision was still supported

20  by substantial evidence, including medical opinion evidence that Plaintiff did not

21

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 7

contest. ECF No. 21 at 4 (citing *Brewes v. Comm'r v. Soc. Admin.*, 682 F.3d 1157, 1159–60, 1162–63 (9th Cir. 2012)). The Commissioner contends that that Plaintiff identifies no clear error in the Court's *Brewes* analysis of the new evidence from Ms. Mejia. *Id.* at 5.

The Ninth Circuit held in *Brewes* that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." 682 F.3d at 1159–60. As the Court analyzed in the summary judgment order:

> The ALJ reviewed the medical opinion evidence in the record at the time of the ALJ's decision, and Plaintiff does not challenge the ALJ's assessment of that evidence. See AR 23–24. The ALJ considered and found persuasive opinions from state agency medical consultants and a treating physician that Plaintiff could stand, walk, and/or sit for only about six hours in an eight-hour workday, and that Plaintiff should avoid lifting more than ten pounds. AR 23–24. The ALJ subsequently limited Plaintiff to sedentary work, rather than light work, and included in the residual functional capacity a sit/stand option at will. AR 20, 24. The only explanation provided by Ms. Mejia for her opinion that Plaintiff would miss work entirely for four or more days per month is that Plaintiff needs treatment, including physical therapy. AR 33. However, requiring treatment does not, without more, support a finding of disability. Accordingly, the Appeals Council gave adequate reasons for denying review of the ALJ's ruling, and the Court finds no reversible error on this basis.

ECF No. 18 at 19. Through this analysis, therefore, the Court adhered to *Brewes* and considered whether the addition of Ms. Mejia's opinion to the record

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 8

1  compromised whether substantial evidence supported the ALJ's assessment of
2  Plaintiff's residual functional capacity. The Court does not find support for
3  Plaintiff's contention that the Court exceeded its appropriate role.
4      In addition, even assuming that Ms. Mejia's opinion that Plaintiff would need
5  to recline up to six hours per day would have supported a finding of disability, the
6  opinion conflicts with other, unchallenged opinions. *See* AR 23–24 (finding
7  persuasive medical source opinions that Plaintiff retains the ability to stand and/or
8  walk for about six hours and sit for about six hours during an eight-hour workday);
9  *Clemente v. Kijakazi*, 2022 U.S. App. LEXIS 13348, at *4 (9th Cir. May 17, 2022)
10  (finding that a new opinion submitted post-hearing did not undermine the ALJ's
11  determination because the medical source "did not review or address the numerous
12  other unchallenged medical opinions on which the ALJ relied" and "[a]t best, [the
13  physician's] new opinion provides an alternative interpretation of some of the
14  medical evidence which is insufficient for substantial evidence review."). Therefore,
15  the Court does not find clear error with respect to Ms. Mejia's report.
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 9

1    Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter Judgment, **ECF No. 20**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, provide copies to counsel, and **re-close the case**.

**DATED** July 1, 2022.

                                         *s/ Rosanna Malouf Peterson*
                                        ROSANNA MALOUF PETERSON
                                        Senior United States District Judge